**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

RICHARD W. PORTER, JR., TRUSTEE ET AL.

v. Case No. 25-cv-501-SM-TSM

TOWN OF CANDIA ET AL.

**REPORT AND RECOMMENDATION**
**AND ORDER TO AMEND**

Self-represented Plaintiff Richard Porter, Jr., Trustee[1] and Heritage Homestead Realty Trust[2] bring this action against the Town of Candia, New Hampshire; Michael Thompson; Town of Wakefield, Massachusetts; Nancy M. Frizzi; and Wang Zhichao.[3] Doc. No. 1. Mr. Porter's Complaint (Doc. No. 1) and Complaint addenda (Doc. Nos. 4, 6, 7, 8) are before the undersigned magistrate judge for preliminary review. See 28 U.S.C. § 1915(e)(2); LR 4.3(d)(2).

**PRELIMINARY REVIEW STANDARD**

The magistrate judge conducts a preliminary review of pleadings, like Plaintiff's, that are filed in forma pauperis. See LR 4.3(d). The magistrate judge may recommend to the district judge that one or more claims be dismissed if, among other things, the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which

[1] Mr. Porter signed the Complaint as "Trustee-N.H.," and he identifies himself as a "Real Estate Trustee." Doc. No. 1 at pgs. 5–6.

[2] Local Rule 83.6(c) permits a trustee who is the sole beneficiary of a trust to represent the trust pro se. For purposes of preliminary review only, the court assumes, without deciding, that Mr. Porter fits within the Rule. However, the court cautions Mr. Porter that the Clerk's Office already notified him that he is required to obtain counsel. See Doc. No. 2.

[3] Mr. Porter names Michael Thompson as a Defendant. Doc. No. 1 at pg. 1. Accordingly, the court directs the Clerk's Office to update the docket and add Michael Thompson as a Defendant.

relief may be granted. See 28 U.S.C. § 1915(e)(2); LR 4.3(d)(2). In conducting its preliminary review, the court construes pro se complaints liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). The court treats as true all well-pleaded factual allegations and construes reasonable inferences in plaintiff's favor. See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

## BACKGROUND

Mr. Porter filed a hand-written Complaint that describes various events, none of which make up a cohesive legal theory and many of which occurred in Massachusetts.[4]

### *Massachusetts Events*

Mr. Porter's Complaint first describes civil charges he brought against Nancy M. Frizzi and Wang Zhichao in the United States District Court for the District of Massachusetts for allegedly engaging in home invasion, breaking and entering into property Mr. Porter owned or had access to, real estate fraud and creating fraudulent writings of deeds and mortgages (Doc. No. 1 at pgs. 2–4). Mr. Porter also asserts that Ms. Frizzi filed a false restraining order application in March 2017 against someone with the same name as Mr. Porter, but who is not the Plaintiff. Id. at pg. 2.

The Complaint then jumps to Mr. Porter's November 2020 arrest in Woburn, Massachusetts by the Massachusetts State Police. Id. at pg. 3. According to the Complaint, police brought Mr. Porter "straight to the Malden District Court" after his arrest and a judge ordered him "to go to the Worcester Recovery Center and Hospital [("Hospital")] for a 16-day court order[ed]

[4] Mr. Porter filed nine other cases in this court around the same time, which allege similar facts and claims. See Case Nos. 25-cv-520, 25-cv-521, 25-cv-522, 25-cv-523, 25-cv-524, 25-cv-525, 25-cv-526, 25-cv-527, 25-cv-528.

evaluation only." Id. Mr. Porter alleges that, "under the orders of Kathleen Wenzel, CEO for the State of Mass[achusetts,]" the hospital "order[ed] [Mr. Porter] to be held in custody for 5 years" without trial, conviction, sentencing, or a notice of a civil commitment order. Id. According to Mr. Porter, he was falsely arrested and improperly held in the Hospital for 5 years even though the Norfolk County Superior Court in Massachusetts granted Mr. Porter's motion for release from the recovery center.[5] Id. at pg. 4. The Complaint then jumps back to Ms. Frizzi, who Mr. Porter claims filed a total of 52 criminal complaints against Mr. Porter while he was in custody. Id. at pg. 3.

***New Hampshire Events***

Without any transition that would show a connection to the events that took place in Massachusetts, Mr. Porter turns to allegations regarding the Town of Candia, New Hampshire. He states that he purchased two vacant lots on November 20, 2002, and then purchased and built a modular home in Candia in May 2004. Id. at pg. 5. According to Mr. Porter, the Town of Candia denied him an occupancy permit despite the State inspecting and approving the home. Id. On November 12, 2005, members of the Candia Police Department arrested Mr. Porter and the Town of Candia evicted him from his modular home. Id. On September 12, 2006, Michael Thompson allegedly broke into the modular home and moved into it after receiving a fraudulent recorded deed. Id. The Candia Police, after learning that Mr. Porter had been arrested and was held in

[5] Mr. Porter attaches two documents from courts in Massachusetts that purport to be orders releasing Mr. Porter from Hospital. Doc. No. 1 at pgs. 9–10. One of those documents is dated September 3, 2025 and states that Mr. Porter will receive $5,000.00 per day for the last four and a half years and for life. Id. at pg. 9. The other document shows a docket entry from July 15, 2024, which states Mr. Porter's discharge and release from the hospital were allowed. Id. at pg. 10. In light of those documents, it is unclear whether Mr. Porter is still housed at Hospital. On the other hand, the court questions the legitimacy of those documents, which are unsigned or otherwise unverified.

custody at a hospital, allegedly told Michael Thompson "that he owns the 50-acre estate and modular home[.]" Id. At some point, Mr. Porter moved to Massachusetts. See Doc. No. 4 at pg. 2.

***Miscellaneous Filings and Claims***

Mr. Porter also attaches several documents to his Complaint, including his own affidavit that states that the Wakefield Police Department falsely arrested him (Doc. No. 1 at pg. 6); a document that is labeled as "Trustee's Orders" and states that the court must order the Federal Bureau of Investigations and U.S. Marshal Service to arrest occupants in various properties in New Hampshire and Massachusetts (id. at pg. 7); an unsigned document that is titled an order from the Worcester Superior Court and a notice that a judge in the Norfolk County Superior Court in Massachusetts allowed a motion to discharge and release from the Hospital as well as a motion to vacate civil commitment (id. at pgs. 9–10).

***Claims***

Mr. Porter makes several demands in his Complaint and addenda, including that the court:

1. Grant a writ of habeas corpus and release him from the Worcester Recovery Center and Hospital and that Massachusetts compensate him $5,000 per day for the last 5 years (id. at pg. 12);

2. Declare that the Town of Candia engaged in fraudulent recordings in its subdivision of plans for Michael Thomspon (Doc. No. 4 at pg. 7);

3. Conclude that Defendants, although it is not clear which Defendants, engaged in theft by deception of Mr. Porter's modular home (id.);

4. Conclude that Candia Police Department falsely arrested Mr. Porter and evicted him in 2005 (id. at pgs. 2, 7); and

5. "[E]ject" all people who are living in homes with fraudulent recorded deeds or mortgages, including properties in New Hampshire and Massachusetts (see Doc. No. 6 at pg. 1; Doc. No. 7 at pg. 3).[6]

## DISCUSSION

### I. Dismissal of Habeas Corpus Petition

Construed liberally, Mr. Porter's Complaint seeks, in part, a writ of habeas corpus requiring his release from Hospital. This court does not have jurisdiction over his request for habeas relief from his Massachusetts confinement. See Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004) (confirming "general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement"). When a district court lacks jurisdiction, it may, in the interest of justice, order the case to be transferred to another court that would have jurisdiction. See 28 U.S.C. § 1631; Photographic Illustrators Corp. v. A.W. Graham Lumber, LLC, 196 F.Supp.3d 123, 133 (D. Mass. 2016); see also Fed. Home Loan Bank of Bos. v. Moody's Corp., 821 F.3d 102, 114 (1st Cir. 2016) (§ 1631 allows transfer when court lacks either personal or subject-matter jurisdiction), abrogated on other grounds, Lightfoot v. Cendant Mortg. Corp., 580 U.S. 82 (2017).

However, the court cannot conclude that transfer would be in the interest of justice given the totality of circumstances in this case and Mr. Porter's filing history. Mr. Porter filed at least one other case with this court seeking release from the Hospital on the same grounds that he alleges in this Complaint, which the court already transferred to the United States District Court for the

[6] Mr. Porter also filed an Addendum to his Complaint (Doc. No. 4), a document titled "Certificate of Service" (Doc. No. 5), and documents seeking the ejection and eviction of individuals from Mr. Porter's various properties in New Hampshire or Massachusetts. Doc. Nos. 6, 7. To the extent Mr. Porter intended that his documents seeking evictions be considered as separate motions, those motions are denied without prejudice to his ability to seek that relief if he amends his Complaint consistent with this decision.

District of Massachusetts ("District of Massachusetts"). See Porter v. Worcester Recovery Center and Hospital, et al., Case No. 25-cv-524-JL-AJ (D.N.H.) (ECF No. 3). In addition, Mr. Porter attempted to or successfully filed complaints asking for habeas relief in the District of Massachusetts, but none of those complaints were successful and that court eventually enjoined Mr. Porter from commencing any new civil action in the District of Massachusetts unless either represented by counsel or given leave to file by a judge of that court. Porter v. Malden Dist. Ct., et al., Civ. No. 24-40048-MRG (D. Mass) (ECF No. 6) (denying request for release from the Hospital and collecting ten other cases seeking the same relief that the court dismissed); see Porter v. Malden Dist. Ct., et al., Civ. No. 24-40068-MRG (D. Mass) (ECF Nos. 1, 8) (enjoining Mr. Porter from future filings in case seeking habeas relief based on civil commitment at the Hospital); see, e.g., Porter v. Wenzel, et al., Civ. No. 25-MC-94043-MRG (D. Mass) (ECF Nos. 1, 3) (seeking release from the Hospital, which the court dismissed pursuant to order of enjoinment in Civ. No. 24-40068-MRG (ECF No. 8)). Mr. Porter also alleges various claims arising out of events that occurred in this District that do not appear to be linked to his request for habeas relief and, given this court's transfer of his habeas relief, it is unclear whether Mr. Porter still seeks habeas relief in this case. See Porter, Case No. 25-cv-524-JL-AJ. Therefore, at this time, the court cannot say that transfer of this case to the District of Massachusetts would be in the interest of justice. See Britell v. United States, 318 F.3d 70, 73–74 (1st Cir. 2003) (examples of transfers that are not in the interest of justice include cases where, based on the totality of circumstances, "transfer would unfairly benefit the proponent," would "unduly burden the judicial system," or the "action or appeal is fanciful or frivolous[]"); Johnson v. Syracuse City Auditor, No. 24-CV-285-LM-AJ, 2024 WL 5443663, at *1 n.1 (D.N.H. Sept. 30, 2024) (declining to transfer a case where plaintiff

was under filing restriction in jurisdiction where venue would have been proper), R&R adopted, 2025 WL 691172 (D.N.H. Mar. 3, 2025).

Accordingly, the district judge should dismiss Claim 1 as identified above, which seeks habeas relief and damages for the time Mr. Porter spent in Hospital, amounting to $5,000 per day for the last 5 years (Doc. No. 1 at pg. 12).

## II. Order to Amend

As to Mr. Porter's remaining claims (Claims 2–5), the court will allow Mr. Porter the opportunity to amend his Complaint. In particular, the court directs Mr. Porter to address the confusing nature of his claims and comply with Federal Rule of Civil Procedure 8(a)(2), which requires that a complaint contain, among other things, "a short and plain statement of the claim" showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). To meet the minimum pleading standard, a complaint need only give each defendant fair notice of the claims against them as to allow them to mount a defense. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). While a detailed telling of facts is not required, "the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why[.]" Educadores Puertorriquenos en Accion v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004). The court may dismiss a complaint if the plaintiff fails to comply with Rule 8(a)(2). See Kuehl v. FDIC, 8 F.3d 905, 908 (1st Cir. 1993).

For the reasons stated, even a liberal construction of Mr. Porter's Complaint does not give "fair notice" of the claims against any defendant. Accordingly, Mr. Porter may file an amended complaint to clarify his claims. Macua v. State, 645 F. Supp. 3d 1, 5 (D.N.H. 2022) (instead of dismissal under Rule 8(a), the court may require a pro se plaintiff to file an amended complaint). For instance, in his amended complaint, Mr. Porter may indicate that he continues to seek habeas relief from Hospital, at which point the court may transfer his Complaint for lack of jurisdiction.

Mr. Porter should also consider that his amended complaint must be filed as a single document, in organized paragraphs each limited to a single event, and must stand on its own without reference to the original Complaint. Belanger v. BNY Mellon Asset Mgmt., LLC, 307 F.R.D. 55, 57–58 (D. Mass. 2015) (observing that Rule 8's requirement of a short and plain statement protects defendants and courts from the "unjustified burden" of parsing a plaintiff's filing); Brait Builders Corp. v. Massachusetts, Div. of Capital Asset Mgt., 644 F.3d 5, 9 (1st Cir. 2011); see Fed. R. Civ. P. 10(b) (requiring a plaintiff "state [his] claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances."). Mr. Porter should also consider that events that took place more than ten years ago are likely barred by any relevant statute of limitations. If Mr. Porter files an amended complaint, the court will conduct further preliminary review.

## CONCLUSION

Based on the foregoing, Mr. Porter must file an amended complaint that complies with the requirements discussed above on or before October 13, 2026. If he fails to do so, the undersigned will recommend that this matter be dismissed without prejudice.

In addition, the district judge should dismiss Claim 1 as identified above, which seeks habeas relief and damages (Doc. No. 1 at pg. 12). Any objections to the court's Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The objection period may be extended upon motion. Only those issues raised in the written objections "are subject to review in the district court," and any issues "not preserved by such objection are precluded on appeal." Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016) (citations omitted).

Talesha L. Saint-Marc
United States Magistrate Judge

September 10, 2026

cc: Richard W. Porter, pro se